UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X     Civil Action No.   22-cv-08510
EDWIN GALEAS,

                                   Plaintiff,                              **COMPLAINT**

   -against-

1401 GRAND CONCOURSE LLC, 1401 GRAND
CONCOURSE ASSOCIATES LLC, DAVID GREEN
and YONA ROTH,

                                 Defendants.
----------------------------------------------------------------X

      Plaintiff, by his attorneys, Bell Law Group, PLLC, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

      1.     This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), to seek redress against Defendants for the failure during Plaintiff's employment to provide Plaintiff with the required minimum wage, overtime wages for hours worked in excess of forty (40) hours per week, and for the failure to provide wage payment statements and a notice at the time of hiring indicating Plaintiff's hourly rate of pay.

      2.     Defendants are the owners and/or operators of a residential apartment building located at 1401 Grand Concourse, Bronx, New York 10452. Plaintiff worked for Defendants at the aforesaid premises as a building maintenance worker from on or about February 19, 2020, through February 22, 2021. Throughout Plaintiff's employment, Plaintiff worked 6:00 a.m. to 3:00 p.m., Monday through Saturday, for an approximate total of fifty-four (54) hours per week. Irrespective of the number of hours worked per week, Plaintiff was paid a flat weekly salary of $350.00 per week ($6.48 per hour). At no time during Plaintiff's employment was Plaintiff paid

1

the required minimum wage, overtime wages, or provided with wage payment statements or a notice of Plaintiff's regular hourly rate.

## PARTIES

3. Plaintiff was and still is a resident of the County of Bronx, State of New York.

4. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 160 *et seq.*

5. Defendant 1401 Grand Concourse LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

6. Defendant 1401 Grand Concourse Associates LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

7. Defendant David Green was and still is a resident of the State of New York.

8. Defendant David Green was and still is an officer, principal and/or manager of Defendants 1401 Grand Concourse LLC and 1401 Grand Concourse Associates LLC.

9. Defendant David Green was and still is in active control and management of Defendants 1401 Grand Concourse LLC and 1401 Grand Concourse Associates LLC, regulated the employment of persons employed by the corporate Defendants, acted directly and indirectly in the interest of corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

10. Defendant Yona Roth was and still is a resident of the State of New York.

11. Defendant Yona Roth was and still is an officer, principal and/or manager of Defendants 1401 Grand Concourse LLC and 1401 Grand Concourse Associates LLC.

12. Defendant Yona Roth was and still is in active control and management of Defendants 1401 Grand Concourse LLC and 1401 Grand Concourse Associates LLC, regulated the employment of persons employed by the corporate Defendants, acted directly and indirectly in the interest of corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

13. Defendants are covered employers within the meaning of the FLSA and NYLL, and at all relevant times employed Plaintiff.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

15. This Court has supplemental jurisdiction of the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. Defendants are the owners and/or operators of a residential apartment building located at 1401 Grand Concourse, Bronx, New York 10452.

18. Plaintiff worked for Defendants at the aforementioned premises as a maintenance worker from in or around 2016 through June 29, 2021.

19. As a maintenance worker, Plaintiff's duties included without limitation roofing, mopping, cleaning, garbage take out and performing repairs and maintenance around the premises.

20. Throughout Plaintiff's employment, Plaintiff worked 6:00 a.m. to 3:00 p.m., Monday through Saturday, for an approximate total of fifty-four (54) hours per week.

21. Plaintiff did not receive any lunch breaks during his employment and/or breaks in excess of twenty (20) minutes.

22. No time keeping system was utilized by Defendants to record or track Plaintiff's hours worked.

23. Irrespective of the number of hours worked per week, Plaintiff was paid at a flat weekly salary of $350.00 per week ($6.48 per hour).

24. At no time during Plaintiff's employment was Plaintiff paid at the required minimum wage rate of $10.00 per hour for building maintenance workers in the City of New York nor was Plaintiff provided with overtime wages at one and one half times the minimum wage rate for hours worked in excess of forty (40) hours per week.

25. Moreover, Plaintiff was not provided with a notice at the time of hiring indicating Plaintiff's hourly rate of pay nor was Plaintiff provided with proper wage payments each week reflecting the number of hours worked or hourly rate paid.

26. At all relevant times, Defendant David Green was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for Plaintiff and employees of Defendants.

27. At all relevant times, Defendant Yona Roth was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for Plaintiff and employees of Defendants.

28. At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Minimum Wage Under the FLSA*)

29. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

30. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

31. At all relevant times, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

32. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

33. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

34. At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

35. At all relevant times, Defendants were subject to the minimum wage provisions of the FLSA.

36. Defendants were required to pay Plaintiff at least a minimum wage rate of $7.25 per hour throughout Plaintiff's employment, pursuant to 29 U.S.C. § 206.

37. Defendants have violated 29 U.S.C. § 206 by failing to compensate Plaintiff at the applicable minimum hourly wage rate.

38. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

39. Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the required minimum wage.

40. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

41. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
(*Minimum Wage Under the NYLL*)

42. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

43. At all relevant times, Plaintiff was an employee and Defendants were Plaintiff's employer within the meaning of NYLL §§ 190, 651 and 652.

44. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

45. Defendants were required to pay Plaintiff at least a minimum wage rate of $10.00 per hour throughout Plaintiff's employment, pursuant to N.Y. Lab. Law § 141-1.2.

46. Defendants have violated N.Y. Lab. Law § 141-1.2 by failing to compensate Plaintiff at the applicable minimum hourly wage rate.

47. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

48. Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the required minimum wage.

49. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

50. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime Under the FLSA)*

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

52. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

53. Pursuant to FLSA, 29 U.S.C. § 201 *et seq.*, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

54. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States Department of Labor's regulations promulgated under the FLSA.

55. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

56. At no time did Defendants pay Plaintiff a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

57. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours a week.

58. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

59. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Overtime Under the NYLL)*

60. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

61. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

62. Pursuant to N.Y. Lab. Law § 650 *et seq*. and 12 NYCRR § 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

63. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the New York State Department of Labor's regulations promulgated under the NYLL.

64. Plaintiff was entitled to be paid one and one-half times Plaintiff's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

65. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

66. At no time did Defendants pay Plaintiff a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

67. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

68. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants

all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

69. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Wage Statements N.Y. Lab. Law § 195(3))*

70. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

71. Pursuant to N.Y. Lab. Law § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

72. Defendants failed to furnish accurate wage statements to Plaintiff in violation of N.Y. Lab. Law § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of Plaintiff's full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by N.Y. Lab. Law § 195(3).

73. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

74. As Defendants failed to provide proper wage payment statements under N.Y. Lab. Law § 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000.00, together with attorneys' fees, costs and interest.

## AS AND FOR THE SIXTHTH CAUSE OF ACTION
*(Pay Rate Notice N.Y. Lab. Law § 195(1))*

75. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

76. N.Y. Lab. Law § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

77. Defendants failed to furnish such a statement to Plaintiff in violation of N.Y. Lab. Law § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by N.Y. Lab. Law § 195(1).

78. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

79. As Defendants failed to provide Plaintiff with proper a proper notice under N.Y. Lab. Law § 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action on behalf of Plaintiff against Defendants, for all wages due to comply with the required minimum wage, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendants, for all wages due to comply with the required minimum wage, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiff against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

    G.  Such other and further relief as is just and proper.

Dated: Syosset, New York
       October 6, 2022

                                            Respectfully submitted,
                                            BELL LAW GROUP, PLLC

                                            By: */s/ Frank Tantone*
                                            Frank Tantone, Esq.
                                            *Attorneys for Plaintiff*
                                            116 Jackson Avenue
                                            Syosset, New York 11791
                                            (516) 280-3008
                                            ft@belllg.com