UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN GALEAS,

                      Plaintiff,

-against-

1401 GRAND CONCOURSE LLC, 1401 GRAND CONCOURSE ASSOCIATES LLC, DAVID GREEN and YONA ROTH,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/8/2024_____

22 Civ. 8510 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Edwin Galeas, brings this action against Defendants, 1401 Grand Concourse LLC, 1401 Grand Concourse Associates LLC,[1] David Green, and Yona Roth, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, ("NYLL") § 190 *et seq.*, for minimum wage violations, failure to pay overtime wages, and failure to provide wage statements and notices. *See* ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 43-1, the parties move for the Court's approval. *See* Letter, ECF No. 43. For the reasons stated below, the motion is DENIED without prejudice to renewal.

<b>DISCUSSION</b>

I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress

---

[1] By stipulation dated July 25, 2023 and endorsed by the Court on July 27, 2023, the parties sought to dismiss the action, with prejudice, against Defendant 1401 Grand Concourse Associates LLC. ECF No. 45. The Court's endorsement was in error. This action shall not be dismissed with prejudice against any Defendant unless the settlement agreement has been approved by the Court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Accordingly, the stipulation at ECF No. 45 is VACATED.

made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still,

"counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.  Analysis

The Settlement provides Plaintiff with a recovery of $17,500 inclusive of attorney's fees and costs. Settlement ¶ 1; *see* Letter at 1. Plaintiff states that the Settlement "avoid[s] the risk and uncertainty of continued litigation and increasing expenses." Letter at 3. Further, the Settlement was the product of "arm's length bargaining," and the parties were "represented by experienced counsel" in wage-and-hour litigation. *Id.* at 4.

However, the Court cannot evaluate whether the proposed Settlement amount is reasonable. First, the parties state that "[b]ased upon Plaintiff's Counsel's analysis and computation, it is estimated that should he prevail on all issues at trial, Plaintiff's maximum recovery for his minimum wage and overtime claims ranges from $4,797.00 to $29,380.00, plus liquidated damages, costs, interest and attorneys' fees." *Id.* at 3. The parties cite Plaintiff's allegations regarding his pay rate and overtime hours worked. *Id.* at 2. Without supporting declarations or exhibits substantiating the accuracy of his counsel's "interpretation" or the sufficiency of the amount awarded to him, the Court cannot assess Plaintiff's range of possible recovery. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) ("At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the bona fides of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, [and] the bases of estimates of plaintiffs' maximum possible recovery."); *Mamani v. Licetti*, No. 13 Civ. 7002, 2014 WL 2971050, at *1–*2 (S.D.N.Y. July 2, 2014) (listing information that would enable the court to adequately review the proposed settlement).

Second, Plaintiff does not provide a detailed description of the risks faced by the parties in the litigation, beyond conclusory statements about the "risk and uncertainty of continued litigation." Letter at 3. And third, the parties do not state that there was no fraud or collusion in the negotiation process. The Court, therefore, cannot find that the *Wolinsky* factors are met.

In addition, the Settlement contains a liability release that is overbroad in several aspects. Settlement ¶ 3. First, the Settlement releases from liability numerous entities beyond Defendants, including "Defendants' present, past, and/or former parent corporations, subsidiaries, divisions, affiliated entities, shareholders, successors, executors, officers, partners, members, managers, directors, agents, fiduciaries, owners, employees, representatives, and assigns." *Id.*; *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022). Second, the clause binds many entities beyond Plaintiff, including his "heirs, executors, administrators, trustees, legal representatives, successors, and assigns." Settlement ¶ 3. And, Plaintiff is afforded no release from liability whatsoever. *See generally id.*

Turning to fees and costs, Plaintiff's counsel seeks $3,681 in attorney's fees, which is one-third of the Settlement proceeds after reimbursement of $6,457 in expenses. *See* Letter at 1. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted). Contingency fees of one-third or less in FLSA cases are routinely approved in this circuit. *See Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel, Bell Law Group, PLLC, has submitted detailed contemporaneous time records that document the work performed in connection with this matter. ECF No. 43-2.  Based on these records, the lodestar in connection with this matter amounts to $11,602.50, reflecting a total of 39.9 hours expended.  *Id.*  Plaintiff's three attorneys—partner Paul Bartels, associate Matthew P. Madzelan, and associate Frank Tantone—have billed at hourly rates of $450, $325, and $300, respectively.  *Id.*  Other courts have found similar rates to be reasonable, based on these lawyers' years of experience litigating employment and wage cases.  *See, e.g.*, *Atsas v. L. Off. of Alex Antzoulatos*, No. 20 Civ. 3838, 2021 WL 4755703 (E.D.N.Y. Aug. 10, 2021), *R. & R. adopted*, 2021 WL 3928951 (E.D.N.Y. Sept. 2, 2021) (approving rates of $400 per hour for Bartels and $300 per hour for Madzelan).

The attorney's fees requested, $3,681, amount to a negative multiple of approximately 0.32 of the proffered lodestar.  In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the lodestar amount.  Courts in this district have found larger awards to be fair and reasonable.  *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee.").  Thus, given that the attorney's fees represent one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees is fair and reasonable.

Additionally, Plaintiff's counsel requests costs in the amount of $6,457, which covers the filing fee ($402), process server costs ($355), and a "private investigator to locate Plaintiff during the

5

course of the litigation" ($5,700). ECF No. 44-3 at 1. "Costs are defined as 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *4 (S.D.N.Y. July 27, 2015) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Although filing fees and process servers are typical costs that have been approved in similar cases, *see id.*, the use of a private investigator to locate one's own client is not a typical cost of litigation that would be "ordinarily charged" to the client. *Cf. Armata v. Unique Cleaning Servs., LLC*, No. 13 Civ. 3625, 2015 WL 12645527, at *10 (E.D.N.Y. Aug. 27, 2015) (recommending denial of request for $742.50 in "outside investigative services" where counsel "has not established the reasonableness" of the cost). Without further legal support for the reasonableness of the private-investigator expense, the Court will not find that the reimbursement request is reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **February 5, 2024**, the parties may file a revised letter and settlement agreement in accordance with this order. The Clerk of Court is respectfully directed to vacate the stipulation of dismissal at ECF No. 45.

SO ORDERED.

Dated: January 8, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge