# Exhibit A

## **SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made between and among Edwin Galeas ("Plaintiff") on the one hand, and 1401 Grand Concourse LLC, , David Green, and Yona Roth (collectively hereinafter "Defendants"), on the other.

**WHEREAS**, on October 6, 2022, Plaintiff commenced an action in United States District Court, Southern District of New York (Index No.: 22-CV-08510) ("the Action"); via Summons and Complaint, wherein Plaintiff asserted various claims, including claims of alleged violations the Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL").

**WHEREAS**, on January 27, 2023, Defendants filed an Answer, wherein they expressly denied that any laws or statutes had been violated, denied that Plaintiff was entitled to any relief whatsoever, and asserted Affirmative Defenses;

**WHEREAS,** the parties have reached an agreement- to resolve the Action, and wish to further memorialize their resolution as set forth below:

1.     **Consideration to be provided to Plaintiff.**

In consideration for the promises made by Plaintiff set forth in this Agreement, Defendants agree to pay Plaintiff the total sum of Seventeen Thousand Five Hundred Dollars ($17,500.00) ("the Settlement Payment"), which is to be allocated as follows: (a) $7,362.00 to Edwin Galeas; and (b) $10,138.00 to Plaintiff's counsel, Bell Law Group PLLC, for alleged costs ($6,457.00) and attorneys fees ($3,681.00). Plaintiff's counsel shall make a motion for court approval of this Agreement. Defendants will cooperate with Plaintiff's motion for approval.

Following the issuance of an order from the Court approving this Agreement and dismissing this action with prejudice, Defendants agree to deliver the Settlement Payment to

Plaintiff's counsel's office, located at the Bell Law Group PLLC, 116 Jackson Avenue, Syosset, NY 11791. The Settlement Payment shall be delivered to Plaintiff's counsel's office within 30 calendar days of the court issuing an Order approving this Agreement, in the following manner: (1) one check, payable to "Edwin Galeas," in the amount of $7,362.00, which shall be subject to IRS Form-1099 reporting; and (2) one check, payable to "Bell Law Group PLLC" in the amount of $10,138.00, which shall be subject to IRS Form-1099 reporting.

Plaintiff and Plaintiff's counsel agree to provide Defendants with executed W-9 forms prior to the deadline of the Settlement Payment. Plaintiff acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. Plaintiff further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Defendants as a result of not withholding taxes from the portions of the money paid to the Plaintiff accounted for via an IRS Form 1099, as well as the amounts paid to Plaintiff's attorneys, pursuant to this Agreement, and Plaintiff agrees to fully indemnify and hold Defendants harmless against any such liability. If Defendants receive notice from any taxing authorities regarding any of the payments accounted for via an IRS Form 1099, Defendants will provide the Plaintiff's counsel with a copy of such notice, within a reasonable period, so that Plaintiff may address any requests made by such taxing authority.

2. **Adequate consideration.**

Plaintiff expressly agrees and acknowledges that the consideration referred to in Paragraph 1 of the Agreement constitutes adequate and ample consideration for the rights and claims he is waiving under the Agreement and for the obligations imposed upon him by virtue of the Agreement. This valuable consideration represents a complete settlement, satisfaction, release, discharge, and waiver of all claims that Plaintiff has asserted in this Action, including, but not limited to, all claims for allegedly unpaid wages, lost wages, benefits or other compensation, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief that Plaintiff was seeking, or could have sought in this Action against Defendants. Plaintiff expressly agrees and acknowledges that Defendants have promised to pay the consideration referred to in Paragraph 1 of the Agreement in exchange for the releases, waivers, and promises made by Plaintiff in this Agreement.

3. **Release.**

In consideration for the Settlement Payment to be provided pursuant to Paragraph 1 above, Plaintiff, forever release and discharge Defendants, from all claims that were asserted in this Action, including all claims relating to alleged unpaid wages and compensation with respect to Plaintiff's employment for Defendants, as well as any and all claims which could have been asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

4. **No Admission of Liability.**

Defendants expressly deny that the claims asserted by Plaintiff in this case have any merit whatsoever, and Defendants expressly deny that they engaged in any wrongdoing of any kind with

respect to Plaintiff. The parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants.

5.    **No Disputes Pending or Assigned.**

Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against Defendants. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein.

6.    **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York.  Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

7.    **Severability.**

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

8.    **Disputes; Damages.**

If any party institutes a lawsuit, or petitions the Court to enforce the provisions of this Agreement or determine a material breach of the Agreement, the prevailing party of such proceeding shall be entitled to recover its/their costs of litigation and all of its/their reasonable attorneys' fees.

9.    **Filing of Stipulation and Order of Dismissal.**

Upon the execution of this Settlement Agreement, counsel for both parties agree to execute a Stipulation and Order of Dismissal with Prejudice, annexed hereto as **Exhibit A**, which will be submitted to the court.

10.    **Advice of Counsel.**

Plaintiff and Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Settlement Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

11.    **Voluntary Agreement.**

The parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

12.    **Entire Agreement.**

The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties.  This is an all-inclusive Agreement and the parties agree that there are no other written, oral, and/or implied representations, promises, or agreements that exist between them.

13.    **Modifications and Amendments.**

The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and all Defendants.

14.    **Counterparts.**

This Agreement may be executed with electronic signatures and in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

15.    **Section Headings.**

Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

16.    **<u>Acknowledgment of Full Understanding</u>**.

Plaintiff acknowledges and agrees that he has fully read, understands, and voluntarily enters into this Agreement. Plaintiff acknowledges and agrees that he has had an opportunity to ask questions and consult with an attorney before signing this Agreement. Plaintiff further acknowledges that his signature below is an agreement to release Defendants from any and all claims relating to alleged unpaid wages and compensation with respect to Plaintiff's employment for Defendants, including any and all claims under the FLSA and NYLL.

[        The Remainder of this Page is Intentionally Left Blank        ]

EDWIN GALEAS

Name: _____Edwin Galeas_____

Signature: _____

Date: _____02/28/2024_____

1401 GRAND CONCOURSE LLC

Name: _____

Signature: _____

Date: _____

1401 GRAND CONCOURSE ASSOCIATES LLC

Name: _____

Signature: _____

Date: _____

DAVID GREEN

Name: _____

Signature: _____

Date: _____

YONA ROTH

Name: _____

YONA ROTH

Name:          _____

Signature:     _____

Date:          _____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDWIN GALEAS,

                    Plaintiff,

                 -against -

1401 GRAND CONCOURSE LLC, 1401 GRAND
CONCOURSE ASSOCIATES LLC, DAVID GREEN,
and YONA ROTH,

                    Defendants.
-------------------------------------------------------------------X

**22-CV-08510 (AT)**

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel of record for Plaintiff and Defendants, that any and all claims asserted by Plaintiff in the above-entitled action are hereby discontinued and dismissed, with prejudice, as against Defendants, without costs or attorneys' fees to any party as against another, except as specified in the parties' settlement agreement.

Dated: February __ , 2023
     New York, NY

_____
Paul Bartels, Esq.
Bell Law Group PLLC
116 Jackson Avenue
Syosset, NY 11791
P: (516) 280-3008

*Attorneys for Plaintiff*

Dated: February ___ 2023
     New York, NY

    /S/ *Joshua Beldner*
Josh Beldner, Esq.
Tilton Beldner LLP
626 RXR Plaza
Uniondale, NY 11556
P: (516) 262-3602

*Attorneys for Defendants*

SO ORDERED:

                             _____
                             HON. JUDGE ANALISA TORRES