```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
EDWIN GALEAS,

                        Plaintiff,
        -against-

1401 GRAND CONCOURSE LLC, 1401
GRAND CONCOURSE ASSOCIATES LLC,
DAVID GREEN and YONA ROTH,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _09/17/2024_

22 Civ. 8510 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Edwin Galeas, brings this action against Defendants, 1401 Grand Concourse LLC, 1401 Grand Concourse Associates LLC, David Green, and Yona Roth, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") § 190 *et seq.* for failure to pay minimum and overtime wages and to provide wage statements and notices. *See* Compl., ECF No. 1. After reaching a settlement, ECF No. 43-1, the parties sought the Court's approval of their proposed agreement. By order dated January 8, 2024, the Court denied the parties' motion without prejudice to renewal. Order, ECF No. 46. The parties submitted a revised settlement agreement, ECF No. 50-1, and renewed their motion for approval, ECF No. 50. The Court again denied the parties' motion without prejudice, finding unreasonable Plaintiff's counsel's request for $5,700 in costs to cover "a private investigator to locate Plaintiff during the course of the litigation." Second Order at 4, ECF No. 51.

Now before the Court is the parties' second revised settlement agreement (the "Second Revised Settlement"), ECF No. 52-1, and the parties' second renewed motion for settlement approval (the "Second Revised Letter"), ECF No. 52. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

I. <u>Legal Standard</u>

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve

agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

Under the Second Revised Settlement, Defendants agree to pay $17,500 to resolve Plaintiff's claims, of which Plaintiff will receive $11,720.10—an increase of $4,358.10 from the previous proposed settlements. Second Revised Settlement ¶ 1. In the Second Order, the Court found that Plaintiff's net recovery was "within the range that courts in this District have found reasonable." Second Order at 3 (citing *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021)). Plaintiff's now-increased share of the settlement amount is, by extension, also reasonable. The Court also previously found that the parties had "adequately addresse[d] the other *Wolinsky* factors" and that the release contained in the first revised agreement—which is replicated in the Second Revised Settlement—was "sufficiently narrow." *Id.*

The Court rejected the earlier settlement proposals because Plaintiff's counsel offered no legal support "for the proposition that hiring multiple private investigators to locate one's own client is a 'reasonable out-of-pocket expense[]' that would be 'ordinarily charged' to the client." *Id.* at 4 (quoting *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *4 (S.D.N.Y. July 27, 2015)). Plaintiff's counsel now omits the request for $5,700 in private-investigator costs and, instead, requests only $757 for filing fees and service costs. ECF No. 52-2 at 6. The Court finds these costs to be reasonable. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020) (noting that "court reporting and service of process fees, filing fees, hotels and transportation" are expenses that are "reasonable, incidental, and necessary to [an attorney's] representation").

Turning to attorney's fees, Plaintiff's counsel now seeks fees amounting to $5,022.90, a fee equal to 30% of the settlement amount after expenses. ECF No. 52-2 at 1. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (quotation marks and citation omitted). "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).

As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiff's counsel—Paul Bartels, Matthew Madzelan, and Frank Tantone—submitted contemporaneous billing records that document their work on this matter. ECF No. 51-2. The time records reflect that the attorneys billed at a rate of $300–450 an hour, while several other employees (who appear to be paralegals) billed at $125 per hour, for a total of 39.9 billable hours. *Id.* at 4–6. The billable hours are reasonable and, based on counsel's experience with FLSA cases, the Court concludes that the rates are also reasonable. *See Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380–81 (E.D.N.Y. 2022) (collecting cases); *see also Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672, 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) ("Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this District." (cleaned up) (citation omitted)). The lodestar amount is, therefore, $11,602.50 in attorney's fees, resulting in a "negative" multiplier of 0.43. "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Diaz-Caballero*, 2020 WL 8880944, at *3 (internal quotation marks and citation omitted). The Court, therefore, accepts the lodestar multiplier, particularly given that the attorney's fees amount to less than one-third of the settlement award. Accordingly, the attorney's fees request is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: September 17, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge